UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 23-CR-71 (RDM) |
| v. | : | |
| | : | |
| BRYAN SHAWN SMITH, | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE MODEL "STUN GUN," AND REPLY TO DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE (ECF 64)

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia and undersigned counsel, respectfully moves this court deny to defendant's motion *in limine* to preclude the model stun gun (ECF No. 74) and grant the government's previously filed motion *in limine* to preclude defendant using toy, buzzer, or other similar terminology. (ECF No. 64.) The government requests the Court deny the defendant's motion to preclude the government's demonstrative exhibit because the exhibit would help the factfinder understand the evidence, there is no expert testimony required, and all appropriate foundation will be presented for its admission for demonstrative purposes. Additionally, as previously requested, the Court should preclude defendant from calling the stun gun a toy or using similar terminology. (ECF No. 64.)[1] Neither denying the defendant's motion *in limine*, nor granting the government's, would limit the defendant's ability to present a robust defense.

---

[1] While the defendant attempts to connect the use of a demonstrative to a limit on misleading language, they are two separate issues.

I. **Procedural Background**

On March 10, 2024, the government provided the defendant with a preliminary exhibit list. After the defendant hired counsel, the government provided an updated preliminary exhibit list on April 3. On April 17, the government advised it was adding a Vipertek stun gun to the exhibit list. The government advised the Vipertek stun gun would be presented by an FBI agent who would discuss how he determined this was the same or substantially similar stun gun to the one the defendant brought to the Capitol on January 6, 2021. The government advised that the agent would not provide expert testimony about the stun gun. On April 19, the government provided the relevant reports and photos of the stun gun to the defendant. The government also advised that it would make the stun gun available for the defendant to examine before trial.

The defendant filed a motion to continue (ECF No.67) in which he argued that he needed additional time to file motions regarding expert testimony needed for the stun gun. In its response, the government advised that it did not intend to present expert testimony about the stun gun. (ECF No. 72.) Now, and without legal support, the defendant seeks to limit the government's ability to use such a demonstrative exhibit.

II. **The Stun Gun Should Be Admissible Because It Helps the Factfinder Understand the Relevant Evidence**

The stun gun that the government intends to offer as evidence at trial, subject to foundation and authentication requirements, is admissible because it would help the factfinder understand the weapon involved in assaulting officers on January 6. Demonstrative evidence is admissible if it helps the factfinder understand the evidence. *Atlanta Channel, Inc. v. Solomon*, 583 F. Supp. 3d 174, 218 (D.D.C. 2022) As the defendant's motion notes, "visual aids used in conjunction with oral presentations may increase understanding and retention levels by as much as 65 percent." (ECF No. 74 at 1 (internal citation omitted)).

In January 6 cases, the government has used various demonstratives including a construction pilon (*U.S. v. Waynick*, 22-cr-28 (RMM)); an "Area Closed" sign (*U.S. v. Kastner*, 21-cr-725 (MAU) and *U.S. v. Nester*, 22-cr-183 (TSC)); OC Spray (*U.S. v. Easterday*, 22-cr-404 (JEB)); and the same type of stun gun (*U.S. v. GossJankowski*, 21-cr-123 (PLF)). In *United States v. GossJankowski*, which involves the stun gun that Smith brought to the Capitol, the government presented the same type of stun gun to the factfinder as a demonstrative. This case presents a similar situation, a physical demonstrative will help the factfinder understand the weapon involved in the case.

In multiple motions, the defendant has referred to the stun gun Smith brought to the Capitol as a toy or buzzer (ECF Nos. 53 & 61), and allowing the factfinder to see the same or substantially similar type of stun gun would allow the factfinder to make their own determination about whether the stun gun could be used for an assault. The government would lay proper foundation for the proposed exhibit that should satisfy authentication requirements under Fed. R. Evid. 901. The stun gun is relevant under Fed. R. Evid. 401. Defendant's objection to the exhibit appears to be that if the factfinder saw the stun gun, the defendant could no longer argue the stun gun is not a weapon. Nothing about presenting an exhibit would stop the defendant from making that argument.

The defendant expresses concerns that the factfinder would confuse the demonstrative for the actual stun gun used in this case. But he offers no reason to suspect that the factfinder will be confused. As the government has explained, the case agent will present the stun gun in its packaging and testify that this exhibit is not the actual stun gun the defendant brought to the U.S.

Capitol, but the same or a substantially similar model. The defendant will have the opportunity to cross examine the witness and could address any concerns about the stun gun at that time.[2]

### III. No Expert Testimony is Necessary to Enter the Stun Gun Into Evidence and the Government Will Not Elicit Such Testimony

The government does not claim that the testifying FBI agent is an expert, and his testimony will be limited to his investigative steps and basic observations that any lay person could make about the stun gun. The defendant appears to claim a "bemedaled" officer talking about a stun gun is expert testimony because the witness is an officer. A law enforcement officer is not an expert by virtue of being an officer. Instead, police officers and federal agents testify in court all the time about their investigations without being qualified as expert witnesses. Identifying the manufacturer and brand of stun gun, here, does not involve any scientific, technical, or other specialized knowledge that is required that would require an expert under Fed. R. Evid. 702. Instead, the defendant is requesting the Court require expert testimony for the agent's experience, his observations, and the investigation he conducted, which is appropriate lay testimony under Fed. R. 701.

### IV. Providing a Demonstrative is Different Than Using Misleading Terminology

The defendant opposes the government's motion *in limine* requesting the Court preclude the defendant from referring to the Vipertek stun gun as a toy, buzzer, or other similar terminology because, according to the defendant, the government wants to "control the discussion." (ECF 74 at 3.) This argument is heavy on outrage, but light on law.

---

[2] Indeed, Dr. Mark Kroll, who appears on the defendant's exhibit list, concluded that the stun gun at issue here was either a Vipertek VTS-979 or a Police 916. *United States v. GossJankowski*, 1:21-cr-123, Trial Tr. 3/8/2023 at 1339-40, 1381. If the defendant maintains that it is unfair for the factfinder to hear testimony or see evidence about the type of stun gun the defendant brought to the Capitol, it is unclear why he would identify Dr. Kroll as a potential witness.

In the government's motion *in limine* (ECF No. 64), the government noted that the defendant keeps referring to the stun gun in this case as a toy. The use of this terminology trivializes a weapon that is strictly regulated within Washington, D.C.

The government's plan to present a demonstrative exhibit has nothing to do with what language is appropriate to use. Physical demonstrative evidence does not preclude the defendant from making any arguments. Unrelated to the demonstrative exhibit, the government has requested the Court preclude the defendant from calling the Vipertek stun gun a toy, or a buzzer, or any other similar term because it is factually incorrect, trivializes the weapon, and mischaracterizes the evidence as discussed in the government's motion *in limine*. The weapon is advertised as providing "military strength protection" which is also sold to "civilians who are serious about their security and safety."[3] The defendant has no factual basis to describe this weapon as a "toy," or to use similar terminology.[4] The defendant's motion complains that the government "wants to totally control the discussion," which is not a legal argument and, in any event, is incorrect. The government is simply attempting to avoid confusing the issues and misleading the factfinder as prohibited by Fed. R. Evid. 403.

---

[3] https://www.vipertek.com/products/vipertek-vts-979-stun-gun-rechargeable-with-safety-disable-pin-led-flashlight-black, last accessed May 1, 2024.

[4] As noted previously, the defendant appears to be relying on Dr. Kroll's testimony when he refers to the stun gun as a "toy." But this mischaracterizes a critical exchange between defense counsel and Dr. Kroll in *GossJankowski*:

> Q. And I believe your testimony on direct examination would be that seeing this device as well as hearing it would be intimidating?
> A. It would be to people that don't understand how they work. To a trained law enforcement officer, probably not so much, because they know that they're essentially toys, but to the average citizen that could be intimidating. Electricity can be scary.

1:21-cr-123, Trial Tr. 3/8/2023 at 1379. Elsewhere, Dr. Kroll explained that these devices are designed to be loud so that they appear dangerous. *Id.* at 1362-63.

V.     **The Substantial Similarity Doctrine Is Inapplicable**

The defendant claims that the stun gun is inadmissible because it does not meet the requirements of the substantially similar doctrine, however this doctrine does not apply. The substantially similar doctrine "protects against the admission of unfairly prejudicial evidence, evidence which, because it is not substantially similar to the accident or incident at issue, is apt to confuse or mislead the jury." *Heath v. Suzuki Motor Corp.*, 126 F.3d 1391, 1396 (11th Cir. 1997). It is used in cases where there are substantially similar circumstances like an accident. *See e.g. Id.* (rollover crashes of SUVs); *Hessen for Use & Benefit of Allstate Ins. Co. v. Jaguar Cars, Inc.,* 915 F.2d 641 (11th Cir. 1990) (fuel leaks). The cases the defendant cites and even the quotations in his motion do not support its use in this case. The doctrine evaluates whether previous *events* are substantially similar, it does not apply to admitting a physical demonstrative into evidence. And even if it did apply here, the case agent will explain how he determined that the defendant's stun gun was of the same, or substantially similar, brand and model to the stun gun that the government intends to offer as a demonstrative exhibit.

## VI. Conclusion

The government respectfully requests the Court deny defendant's motion to preclude the "model stun gun" and requests the Court grants the government motion to preclude defendant referring to the Vipertek stun gun as a toy, buzzer, or similar terminology.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By: /s/ *Sara E. Levine*
Sara E. Levine
Assistant United States Attorney
VA Bar No. 98972
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
Phone: (202) 252-1793
Email: Sara.Levine@usdoj.gov

/s/ *Eli J. Ross*
Eli Ross
Assistant United States Attorney
IL Bar No. 6321411
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
Phone: (202) 297-1515
Email: Eli.Ross@usdoj.gov